UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 07-002 (RWR) |
| : | |
| : | SENTENCING: 9/21/07 |
| LUIS ANTONIO HERNANDES, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION FOR GUIDELINES CREDIT AND
MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to § 3E1.1(a) of the Sentencing Guidelines, to adjust the Defendant's offense level down two levels reflecting the Defendant's acceptance of responsibility for this offense. The United States also submits this memorandum in aid of sentencing.

**I.  BACKGROUND**

On July 6, 2007, the defendant pled guilty to the Indictment charging one count of Reentry of an Alien Deported Following Conviction for an Aggravated Felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), in accordance with a written plea agreement as described in ¶¶ 1-4 of the Presentence Investigation Report. The pertinent facts of his plea are as follows:

In January 2004, the defendant was convicted of Felony Escape from an institution or officer, in violation of 22 D.C. Code § 2601(b) in the Superior Court for the District of Columbia. The defendant was sentenced to 100 days imprisonment followed by three years of supervised release.

As a result of his conviction for Escape, on February 5, 2004, the defendant was arrested by Immigrations and Customs Enforcement (ICE) Agents and put into Removal Proceedings. On March 11, 2004, an Immigration Judge entered an Order that the defendant be removed from the United States to El Salvador. On May 7, 2004, the defendant received a "Warning to Alien Ordered Removed or Deported," which advised him in writing that after his removal, he was prohibited from entering the United States at any time without the prior approval of the U.S. Attorney General. On May 7, 2004, pursuant to the Order of Removal issued in 2004, Antonio-Hernandez was removed from Houston, Texas and returned to El Salvador.

On or about August 10, 2006, law enforcement officers arrested the defendant in Washington, D.C., pursuant to a rape charge brought in the District of Columbia's Superior Court. While in custody on or about September 11, 2006, following the advisement of his Administrative and Miranda rights, the defendant stated that he re-entered the United States illegally. Secondly, the defendant admitted that he been previously deported from the United States and that he re-entered the United States without having applied for permission from the Attorney General, or the Secretary of Homeland Security or his authorized delegate.

## II.     SENTENCING CALCULATION

### A.    Statutory Minimums and Maximums

The charge carries a maximum sentence of 20 years imprisonment, a fine of up to $250,000 pursuant to 18 U.S.C. 3571 (b)(3), or both, and a maximum period of supervised release of not more than three years pursuant to 18 U.S.C. § 3583(b)(2). In addition, the court may assess a special assessment of $100 paid to the Clerk of the United States District Court, pursuant to 18 U.S.C. § 3013.

B.    Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR") calculates the Defendant's total offense level at 13 which contemplates a three point reduction for acceptance of responsibility by the defendant. See PSR ¶¶ 12-20. The defendant has a criminal history which places him in a category III. The guideline range is 18 - 24 months of imprisonment. See PSR ¶ 25. The government agrees with this calculation.

C.    Basis for Government's Sentencing Recommendation

The parties agreed that neither a downward nor upward departure is warranted in this case. The PSR writer agrees. PSR ¶71. The defendant has also acknowledged that the guilty plea will submit him to detention, deportation and other sanctions at the direction of ICE.

IV.    **CONCLUSION**

Wherefore, the government respectfully requests that the Court sentence the Defendant at the low end of the Guidelines.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar 498-610

/s/
Angela Hart-Edwards
Assistant United States Attorney
Federal Major Crimes Section
Pennsylvania Bar
555 4th Street, N.W., rm 4241
Washington, DC 20530
(202) 307-0031
Fax: (202) 514-6010