UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) Criminal No.:07-2 (RWR) |
| v. | ) ) |
| LUIS ANTONIO HERNANDEZ | ) ) ) |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Luis Antonio Hernandez, through undersigned counsel, respectfully submits his Memorandum in Aid of Sentencing.

**Procedural History**

Defendant Luis Antonio Hernandez will appear before the Court on Friday, September 21, 2007 for his Sentencing Hearing. On July 6, 2007, Mr. Hernandez entered a guilty plea to the one count indictment charging him with Re-entry of an Alien Deported following a Conviction for an Aggravated Felony in violation of 8 U.S.C. § 1326(a) and (b)(2). The indictment charged that Mr. Hernandez illegally re-entered the United States in August 2006.

Pursuant to the conviction Mr. Hernandez faces a maximum sentence of twenty years of incarceration. Mr. Hernandez is subject to a maximum fine of two hundred and fifty thousand dollars and a term of supervised release of up to three years. Probation Officer Renee Moses-Gregory in her Pre-Sentence Investigation Report (the "PSR") calculated a sentencing guideline range of 18 to 24 months pursuant to the advisory United States Sentencing Guidelines. The range is based on a final Base Offense Level 13 and a Criminal History Category III.

**Factual Background**

Mr. Hernandez is before the Court after entering a guilty plea to the crime of illegally entering the United States after a prior deportation that followed a conviction for escape. Since our initial meeting Mr. Hernandez indicated that he wanted to admit his culpability for his illegal conduct. After reviewing the evidence and his options Mr. Hernandez was clear that he wanted to resolve the case early and by admission of his guilt.

By all estimations Mr. Hernandez's presence in the United States has been a difficult struggle. When he first arrived in the United States he struggled with the consequences of entering illegally and trying to survive as an undocumented person. Although he was able to secure intermittent employment he was arrested on a number of occasions. A failure to return to a halfway house resulted in a conviction, a prison sentence and a deportation.

Mr. Hernandez's life has not fare any better after his second illegal entry into the United States. On the contrary, this second period of detention has exceeded his prior incarceration. This arrest and incarceration will once again result in his failure to help his mother and sisters who live in El Salvador. Far from helping his family, Mr. Hernandez will have to rely on his family after he is deported to El Salvador. Sadly, Mr. Hernandez will return to his native country penniless and with very little to show for the last year of his life. In this regard his punishment is not limited to imprisonment but extends to his own personal failure to lead a law abiding life and inability to help his family.

It is the latter consequences of his conduct that deeply troubles Mr. Hernandez. Having had over a year to reflect on his legal predicament Mr. Hernandez acutely understands why he should not return to the United States. He knows that if he returns to the United States his prison sentence will

be more substantial.

After his previous deportation Mr. Hernandez found himself in El Salvador with limited skills and unemployed. It was in the context of that hopelessness that Mr. Hernandez returned to the United States. His foremost reason for returning to the United States was to work in order to provide for his mother and sisters. Since Mr. Hernandez is facing a Federal sentence and a local term of incarceration I am asking the Court to sentence him to the low end of the applicable guideline range.

**A. PURSUANT TO 18 U.S.C. § 3553(a) AND THE ADVISORY UNITED STATES SENTENCING GUIDELINES MR. HERNANDEZ REQUESTS A SENTENCE OF EIGHTEEN MONTHS OF INCARCERATION**

18 U.S.C. § 3553(a)(1) directs the Court to look at Mr. Hernandez' history and nature and circumstance of the offense. The nature of the offense, 8 U.S.C. 1326, Illegal Re-entry of a Deportable Alien, is a unique crime in which there is no immediate tangible harm inflicted on an individual, a community or a private or public entity. The substance of the crime is the presence of the person in the United States. That being said, the crime is serious since it violates the country's carefully enacted laws regarding admissibility. Mr. Hernandez's crime is a clear violation of the law, and his crime, re-entering the United States, is more serious since he was previously deported.

When Mr. Hernandez illegally entered the United States, he came with the same dreams and aspirations that have historically motivated immigrants to journey to this country. Regrettably, Mr. Hernandez dream soured when he was arrested and violated a Court order to reside in a halfway house. Mr. Hernandez's other contacts with the criminal justice system were resolved in his favor.

Pursuant to 18 U.S.C. § 3553(a)(1)(2)(A) Mr. Hernandez' sentence must reflect the seriousness of the offense. As it stands now Mr. Hernandez is facing a maximum term of twenty years of incarceration and an advisory guideline sentence of eight (18) to fourteen (24) months.

However, the seriousness of the offense has to take into account and result in a sentence that "promote[s] respect for the Law and provide[s] just punishment."

Mr. Hernandez knows that he will be deported from the United States after completing his term of incarceration. However, even before he gets to a deportation hearing Mr. Hernandez will have to appear for a hearing before the United States Parole Commission. The net result of the federal prison sentence coupled with the United States Parole Commission sentence and deportation will be to deter Mr. Hernandez from returning to the United States. That deterrence translates into the community being protected from any future criminal activity by Mr. Hernandez. Seen in that light a sentence of 18 months addresses and satisfies the sentencing goals of 18 U.S.C. § 3553(a).

Mr. Hernandez will be returning to El Salvador when many of his countrymen are continuing to leave for the United States in search of work and a better future. The latter consequences of his conduct deeply trouble Mr. Hernandez. He also acknowledges that there is very little that he can show for having returned to the United States. Having had thirteen months to reflect on his legal predicament Mr. Hernandez wants to return to El Salvador to try and salvage the rest of his life.

A sentence of time eighteen months, which will be followed by mandatory deportation, can be "just punishment" when the Court considers and takes into account 18 U.S.C.§3582. In pertinent part 18 U.S.C. § 3582 (a) states:

> "The Court, in determining whether to impose a term of imprisonment, and if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation"

**CONCLUSION**

Mr. Hernandez is a decent and well meaning man who has made a series of terrible decisions. Those decisions have cost him dearly. By all indications Mr. Hernandez has learned a bitter lesson

that will stay with him for the rest of his life. For the foregoing reasons undersigned counsel respectfully requests that the Court impose a sentence of 18 months of incarceration.

Respectfully submitted,
A.J. Kramer
Federal Public Defender


_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500