UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) ) ) ) v. ) ) LUIS ANTONIO HERNANDEZ ) ) ) | Criminal No.:07-2 (RWR) |

**SENTENCING SUPPLEMENT ADDRESSING THE COURT'S AUTHORITY
TO GRANT CREDIT FOR SERVICE OF PRIOR CUSTODY**

Defendant Luis Antonio Hernandez appeared before the Court on Friday, September 21, 2007 for his Sentencing Hearing. Pursuant to the conviction of Illegal Re-entry in violation of 8 U.S.C. § 1326(a) and (b)(2), Mr. Hernandez faced a sentencing guideline range of 18 to 24 months under the advisory United States Sentencing Guidelines. The Court sentenced Mr. Hernandez to the low end sentence of 18 months that the parties had agreed to in the Plea Agreement.

Undersigned counsel also requested the Court to credit Mr. Hernandez for the period of confinement pursuant to a D.C. Code Offense that was separate and apart from the order of detention imposed by this Court beginning on April 3, 2007. In response, the Court asked if it had authority to grant the defense request. The Court allowed undersigned to research and present an answer to the question. Undersigned counsel, hereby submits his response.

The seven and a half months of confinement refers to the period between August 13, 2006 and April 3, 2007. On August 13, 2006 Mr. Hernandez's was arrested and charged with Sexual Abuse of a Minor. (PSR ¶ 30) On August 14, 2006 a Superior Court Judge ordered Mr. Hernandez held without bond. While he was in pre-trial detention for the District of Columbia criminal offense,

1

a Federal Grand Jury indicted Mr. Hernandez for violating 8 U.S.C. § 1326. The federal indictment was returned on January 4, 2007.

Three months later on April 3, 2007 Mr. Hernandez was presented before this Court for his initial appearance and arraignment. During that hearing Mr. Hernandez conceded to pre-trial detention for his illegal re-entry case.  On May 10, 2007 a couple of days before beginning his trial in the Superior Court, the Government dismissed the case against Mr. Hernandez. Given the government's decision not to prosecute, Mr. Hernandez requested relief for the pre-trial detention that he served waiting for his trial.

There is statutory authority for Mr. Hernandez to receive credit for the period he was incarcerated on the D.C. Code offense which overlapped with his illegal re-entry charge.  Pursuant to 18 U.S.C. 18 U.S.C. § 3585(b) he is entitled to credit toward the service of his federal sentence of imprisonment for any time he spent in official detention prior to the date of commencement of this Court's sentence.  Credit for the prior incarceration is appropriate if the prior incarceration resulted from an arrest after Mr. Hernandez committed the offense of illegal re-entry.

It can be safely assumed, as fact, that Mr. Hernandez first committed his federal offense, entering the country illegally, before being arrested and charged with the D.C. Code offense. Mr. Hernandez satisfies the remaining requirement for credit since his pre-trial confinement in the D.C. case was "not credited against another sentence", since the case was dismissed. Accordingly,  he is entitled to credit since he satisfies the statutory requirements.

However, the Supreme Court has held that the statute vests authority on the Attorney General to "[c]ompute the credit under § 3585(b)" United States v. Wilson, 503 U.S. 329, 344 (1992).  On the flip side the Court concluded that § 3585(b) "[d]oes not authorize a district court to compute the

credit" Id. Accordingly, Mr. Hernandez has to rely on and/or petition the Bureau of Prison to ensure that the seven and a half months he spend in local custody is credited towards his federal sentence. The Bureau of Prison's Sentencing Computation Manual tracks the language of 18 U.S.C. 3582(b) regarding "Prior Custody Time Credit."

The language and requirements for the Bureau of Prison's "Prior Custody Time Credit" are identical to those contained in 18 U.S.C. § 3585(b).  As such, the Bureau of Prison by statute and by internal policy should credit Mr. Hernandez with the time he spent in pre-trial detention for the District of Columbia offense.  If the Bureau of Prison, at the designation stage, does not credit Mr. Hernandez with the time frame at issue, he can request relief from the bureaus's Administrative Remedy Program. See 28 C.F.R. § 542-10. Mr. Hernandez has to exhaust his administrative remedies in the Bureau of Prison for "Prior Custody Time Credit" before seeking judicial relief. See United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989); United States v. Tindall, 455 F.3d 885, 888 (8th Cir.2006).

Wherefore undersigned counsel submits that Mr. Hernandez has the right under 18 U.S.C. § 3585(b) and the Bureau of Prison's internal policies to receive credit for the detention period he served from August 14, 2006 for the District of Columbia criminal case to April 3, 2007 when this Court ordered his detention, but it's the obligation of the Bureau of Prison to provide him with that relief.

---

[1] See United States Department of Justice Federal Bureau of Prisons Sentencing Computation Manual, at P.34 *available at* http://www.bop.gov/policy/progstat/5880_028.pdf

Respectfully submitted,
A.J. Kramer
Federal Public Defender

_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500